United States District Court
Southern District of Texas

**ENTERED**

May 01, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| United States of America, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Criminal Action H-25-305-5 |
| | § | |
| Byron Clark, | § | |
| *Defendant*. | § | |

**ORDER REVOKING BOND**

Pending before the court is the Petition for Action on Pretrial Release. ECF No. 129. The Petition alleges that Clark violated his conditions of release by committing a new law violation, testing positive for a controlled substance, and failing to maintain or actively seek full time, verifiable employment. *Id.*

The court held a hearing on the Petition on April 30, 2026. The government did not present evidence to show Clark's failure to maintain employment or his alleged positive test result. The court finds those violations **NOT TRUE**.

The government presented evidence that Clark possessed with intent to distribute a controlled substance. The evidence at the hearing showed that Clark was stopped in traffic on March 6, 2026. Clark was the only occupant of the vehicle. After a K-9 search of the vehicle, police found approximately 400 tablets containing carisoprodol, also known as Soma, as well as hydrocodone tablets. The Soma tablets were packaged in the way that they would be received by a pharmacy, not how they would be dispensed to a patient. The quantity of tablets was consistent with drug trafficking, not prescription use. Clark does not have a prescription for Soma that would permit him to possess the number of tablets found. The court finds probable cause to believe

that Clark possessed with the intent to distribute a controlled substance.

The defense made arguments suggesting that a motion to suppress the drugs could be made in the context of a criminal prosecution. However, suppression issues are not relevant to the issue of probable cause. Defendant also denies that the drugs were his. That does not defeat the court's probable cause finding.

Revocation of supervised release is governed by 18 U.S.C § 3148. Under section 3148(b)(1), the judicial officer "shall enter an order of revocation" if (1) there is either probable cause that the defendant committed a new crime or violated any other conditions of release, and (2) that there are (A) no conditions that will assure his appearance, or (B) he is unlikely to abide by any conditions of release. Moreover, if the court finds probable cause that the defendant committed a felony while on release, there is a presumption that there are no conditions that will assure that the defendant will not pose a danger to the community. 18 U.S.C. § 3148(b).

The court found probable cause to believe that the defendant committed a felony while on release. The foregoing presumption therefore arises. Clark has not rebutted that presumption. Clark presented a character witness—Arthur Smith. Mr. Smith had many positive things to say about Clark, but he had no knowledge about Clark's lengthy criminal history. The court therefore does not credit Smith's testimony. Absent evidence rebutting the presumption, the court finds that there are no conditions that will assure the safety of the community were Clark to be released. He must therefore be detained under 18 U.S.C. § 3148(b).

The court also notes that Clark's violation conduct is very similar to the conduct for which he is under indictment. Clark also has a long criminal history that includes offenses for drug distribution and possession, burglary, evading arrest, and

violations of conditions of release. Taking together all the facts before the court, including those presented at the hearing, the allegations in the indictment, and the Pretrial Services report, the court concludes that Clark is unlikely to follow the court's orders and that there are no conditions that will assure the safety of the community if he is released. Thus, independent from the presumption, detention is warranted.

Clark's bond is **REVOKED**. Clark **ORDERED** to be **DETAINED** pending trial.

Signed at Houston, Texas, on May 1, 2026.

_____

Peter Bray
United States Magistrate Judge

3